LECH v HUNTMORE ESTATES CONDOMINIUM ASSOCIATION

Docket No. 320028. Submitted April 10, 2015, at Lansing. Decided April 16, 2015, at 9:00 a.m. Leave to appeal sought.

Plaintiff Ronald W. Lech, II filed a complaint in the Livingston Circuit Court against defendants Huntmore Estates Condominium Association, Jacobson Ore Creek Land Development, LLC, and Scott R. Jacobson, doing business as S.R. Jacobson Land Development, LLC, for slander of title, violation of the Michigan condominium act, and tortious interference with a business relationship. After two appeals in the Court of Appeals and one appeal in the Michigan Supreme Court, the case was remanded to the trial court for recalculation of the sanctions imposed on plaintiff for his rejection of defendants' offer of judgment. On remand, the court, David J. Reader, J., ruled that defendants were entitled to judgment interest on their trial court costs, but that defendants were not entitled to appellate fees and costs. Defendants appealed the trial court's denial of their request for appellate costs, and plaintiff appealed the trial court's award of judgment interest on defendants' trial court costs.

The Court of Appeals *held*:

1. The trial court properly denied defendants' request for appellate costs and fees because MCR 2.405 does not authorize the award of appellate costs for cases involving a party's rejection of an offer of judgment. MCR 2.405 is a "trial-oriented" rule because it concerns actual costs incurred at trial or as a result of a ruling on a motion after rejection of an offer of judgment. MCR 2.405 defines actual costs as costs and fees taxable in a civil action and a reasonable attorney fee. Actual costs are those costs incurred in the prosecution or defense of a civil action after a party has rejected an offer of judgment and are recoverable if the verdict issued favors the party seeking actual costs. A party must request an award of fees and costs within 28 days of the verdict in trial court—generally before a party has incurred the majority of its appellate fees and costs. Importantly, the definition of "verdict" in MCR 2.405 does not refer to appellate proceedings. Moreover, a decision to appeal does not have the necessary causal

nexus to a party's rejection of the offer of judgment and the appellate expenses incurred as a result of the rejection.

2. The trial court erred by awarding judgment interest to defendants on the costs they incurred at trial due to plaintiff's rejection of the offer of judgment. Even though sanctions often require the payment of money, sanctions are not the equivalent of a money judgment obtained in a civil action because a party requests fees and costs in a postjudgment proceeding—after any money judgment has been entered. Rather than an order directing payment of a sum of money, a sanction is an order directing that an act be done—that a party pay the opposing party's fees and costs—and the applicable statute, MCL 600.6013, does not authorize judgment interest on sanctions.

Affirmed in part and reversed in part.

*Kemp Klein Law Firm* (by *Richard D. Bisio* and *James P. Davey*) for plaintiff.

*The Meisner Law Group, PC* (by *Robert M. Meisner* and *Daniel P. Feinberg*), for defendants.

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

O'CONNELL, P.J. Defendants, Jacobson Ore Creek Land Development, LLC, and Scott R. Jacobson (collectively "the developers"), appeal as of right the trial court's order denying the developers' request for appellate costs and attorney fees. Plaintiff, Ronald W. Lech II, cross-appeals as of right the trial court's order granting judgment interest on the developers' costs in the trial court. We affirm the trial court's decision to exclude appellate attorney fees and costs from its offer of judgment sanctions under MCR 2.405 because such costs are not incurred as a result of a party's decision to reject an offer of judgment, but we reverse the trial court's decision to award the developers judgment interest under MCL 600.6013.

I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In December 2008, Lech filed a complaint against the developers and Huntmore Estates Condominium Association in which he alleged claims of slander of title, violation of the Michigan Condominium Act, MCL 559.101 *et seq.*, and tortious interference with a business relationship. On June 10, 2009, the developers filed an offer of judgment for $5000. Lech effectively rejected the offer by failing to respond to it within 21 days. See MCR 2.405(C)(2)(b).

The trial court later granted summary disposition to the developers and awarded them attorney fees under MCR 2.405 because of Lech's refusal of the offer of judgment. After Lech appealed, a panel of this Court reversed the trial court's grant of summary disposition on some of Lech's claims. *Lech v Huntmore Estates Condo Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued October 6, 2011 (Docket Nos. 296489 and 297196). The developers appealed in the Michigan Supreme Court, and the Supreme Court reversed this Court's decision, reinstated the trial court's grant of summary disposition, and remanded for this Court to consider Lech's sanctions issue. *Lech v Huntmore Estates Condo Ass'n*, 491 Mich 937, modified on reconsideration 493 Mich 921 (2012). On remand, this Court determined that the trial court calculated the offer of judgment sanctions from an incorrect date and remanded to the trial court for a new calculation. *Lech v Huntmore Estates Condo Ass'n (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued August 6, 2013 (Docket No. 297196), p 5.

On remand, the parties stipulated to reduce the trial court's sanctions award to $36,337.90, but disputed whether the developers were entitled to judgment

interest or attorney fees that the developers incurred as a result of the appeals. The trial court relied on *Haliw v Sterling Hts*, 471 Mich 700, 711; 691 NW2d 753 (2005), in which the Michigan Supreme Court held that actual costs for case evaluation sanctions under MCR 2.403 do not include appellate attorney fees, and the trial court determined that the developers were not entitled to appellate attorney fees under MCR 2.405. But the trial court determined that the developers were entitled to statutory judgment interest under MCL 600.6013, and it awarded the developers $5,230.16 in interest.

## II. STANDARDS OF REVIEW

This Court reviews de novo the interpretation and application of statutes. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010). We also review de novo the interpretation and application of our court rules. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 445; 861 NW2d 303 (2014). We use the same rules of interpretation to interpret statutes and court rules. *Id.* at 446. We give the words of rules and statutes their plain and ordinary meanings. *Id.* See also *McCormick*, 487 Mich at 192. We construe legal terms according to their legal meanings. See *Feyz v Mercy Mem Hosp*, 475 Mich 663, 673; 719 NW2d 1 (2006). We determine the intent of the court rule "from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Haliw*, 471 Mich at 706.

## III. APPELLATE COSTS

The developers contend that the trial court erred when it determined that MCR 2.405 sanctions do not include appellate costs and fees because the opposing party makes such costs and fees necessary when the

party rejects an offer of judgment. Lech contends that actual costs for the purposes of MCR 2.405 do not include appellate attorney fees. We agree with Lech.

When a party rejects an offer of judgment, "[i]f the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action." MCR 2.405(D)(1). "Verdicts" include judgments following jury or nonjury trials, or judgments resulting from "a ruling on a motion after rejection of the offer of judgment." MCR 2.405(A)(4)(a) to (c). "Actual costs" are "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6).

In *Haliw*, the Michigan Supreme Court considered whether appellate costs were actual costs for the purposes of MCR 2.403. *Haliw*, 471 Mich at 704. MCR 2.403(O)(6) provides that actual costs include "a reasonable attorney fee . . . for services necessitated by the rejection of the case evaluation." The *Haliw* Court concluded that a party could not recover appellate attorney fees and costs as case evaluation sanctions. *Haliw*, 471 Mich at 706.

The Michigan Supreme Court gave several reasons for its decision. First, the second chapter of the Michigan Court Rules addresses trial court procedure, while the seventh chapter addresses appellate procedure, including appellate fees and costs. *Id.* at 706. Second, MCR 2.403(O) is "trial-oriented" because its definition of verdict does not refer to the appellate process. *Haliw*, 471 Mich at 708. Third, the Supreme Court noted that a party must request sanctions within 28 days of the verdict, generally before a party has incurred the majority of its appellate fees and costs. *Id.* at 711 n 8. Finally,

our Supreme Court also noted that the phrase "necessitated by" requires "a causal nexus between rejection and incurred expenses," and a decision to bring an appeal does not have the necessary causal nexus. *Id.*

We discern no basis on which to differ from the Michigan Supreme Court's analysis of actual costs under MCR 2.403 when interpreting actual costs under MCR 2.405. Located in the second chapter of the Michigan Court Rules, MCR 2.405 also concerns trial court procedure. Like MCR 2.403, nothing in the definition of verdict in MCR 2.405 mentions the appellate process. Also like MCR 2.403, under MCR 2.405, a party must request fees and costs within 28 days of entry of the judgment. MCR 2.405(D)(6). And a party's decision to bring an appeal after rejecting an offer of judgment lacks the same causal nexus as does a party's decision to bring an appeal after rejecting a case evaluation.

Any minor differences between the definitions of actual costs in MCR 2.403 and MCR 2.405 do not warrant engaging in a different analysis and certainly do not compel a different result. The difference between the definitions in these two court rules is primarily a difference in formatting.[1] We conclude that the trial court did not err when it determined that a party may not recover appellate fees and costs as actual costs under MCR 2.405.

### IV. INTEREST

Lech contends that the trial court erred by applying the judgment-interest statute to the sanctions award

---

[1] MCR 2.403(O)(6)(b) indicates that a reasonable attorney fee is "based on a reasonable hourly or daily rate as determined by the trial judge"; MCR 2.405(A)(6) does not contain that language.

in this case because a sanction award is not a money judgment in a civil case. We agree.

The developers requested judgment interest under MCL 600.6013. MCL 600.6013(1) provides that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." A money judgment in a civil action is a judgment "that orders the payment of a sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred." *In re Forfeiture of $176,598*, 465 Mich 382, 386; 633 NW2d 367 (2001). There are several types of civil awards that are not money judgments in a civil action, including the return of seized currency in drug forfeitures, money awards in divorce judgments, awards of back pay for wrongful discharge from public employment, and awards reflecting payment of a forced share in an estate. *Id.* at 388.

We conclude that a sanctions award is properly characterized as an order directing that an act be done instead of a money judgment in a civil action. A party's attempt to collect attorney fees and costs is a postjudgment proceeding. See *Fraser Trebilcock Davis & Dunlap, PC v Boyce Trust 2350*, 304 Mich App 174, 219; 850 NW2d 537 (2014). A party files and serves its request for costs *after* entry of the judgment. MCR 2.405(D)(6). Such proceedings, by their very nature, occur after any money judgment is entered. Accordingly, a sanctions award is not a money judgment in a civil action. Rather, it is an order of the court directing a party to do an act—specifically, to pay the other party's attorney fees and costs.[2]

---

[2] This Court has also concluded in unpublished opinions that MCL 600.6013 does not apply in cases of motions for sanctions. See *Nartron Corp v Gen Motors Corp*, unpublished opinion per curiam of the Court of Appeals, issued January 6, 2005 (Docket No. 245942) (discovery sanc-

In this case, the trial court applied MCL 600.6013 to
award the developers $5,230.16 in interest. Because
this case concerned a postjudgment proceeding to col-
lect sanctions, we conclude that its decision was im-
proper. We therefore reverse the trial court's interest
award.

We affirm in part and reverse in part. No costs,
neither party having prevailed in full. MCR 7.219.

FORT HOOD and GADOLA, JJ., concurred with
O'CONNELL, P.J.

---

tions); *Juarez v Holbrook*, unpublished opinion per curiam of the Court
of Appeals, issued July 1, 2008 (Docket Nos. 275040 and 276312) (case
evaluation sanctions awarded to a defendant); *Wrobbel v Hydaker-
Wheatlake Co*, unpublished opinion per curiam of the Court of Appeals,
issued January 28, 2014 (Docket Nos. 305535 and 312766) (case
evaluation sanctions). While unpublished opinions are not binding on
this Court, we may consider them for their persuasive value. *Paris
Meadows LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133
(2010); MCR 7.215(C)(1). We find it persuasive that this Court has
repeatedly reached the same conclusion regarding other types of sanc-
tions in unpublished opinions.